THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00339-MR-DLH

| | |
|---|---|
| GILBERT C. HAGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Application and Consent Motion for Entry of Order Accepting the Parties' Settlement Agreement on Attorney's Fees [Doc. 13].

The parties in this case agree that pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), the Plaintiff should be awarded an attorney's fee in the amount of $4,544.06, court fees in the amount of $350.00, and mailing expenses in the amount of $17.85. [Doc. 13]. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that her position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of

fees and expenses under the EAJA.  The Court further concludes that, in light of the Commissioner's lack of opposition to the Plaintiff's request, the Plaintiff is entitled to reimbursement from the Treasury Judgment Fund of the $350.00 in costs incurred as a result of filing this action.

The parties request that the EAJA award be paid directly to Plaintiff's counsel as his assignee.  In support of this request, the parties have submitted a copy of his fee assignment to counsel.  [Doc. 13 at 10].  The Court finds that the Commissioner should accept this assignment of the awarded fees by the Plaintiff to his attorney and upon receipt of such assignment, the Commissioner will pay that award of fees directly to Plaintiff's counsel, provided that it is shown that as of the date of this Order, the Plaintiff does not owe any debt to the United States Government which is subject to offset.  See Astrue v. Ratliff, __U.S. __, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application and Consent Motion for Entry of Order Accepting the Parties' Settlement Agreement on Attorney's Fees [Doc. 13] is hereby **GRANTED**, and the Plaintiff is hereby awarded $4,544.06 in attorney's fees and $17.85 in other expenses, for a total award of Four Thousand Five Hundred and Sixty-One

Dollars and Ninety-One Cents ($4,561.91), which sum is in full satisfaction of any and all claims by the Plaintiff in this case under 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that Three Hundred and Fifty Dollars ($350.00) in costs shall be reimbursed to the Plaintiff from the Treasury Judgment Fund upon certification thereof by the Office of the United States Attorney to the Department of Treasury.

**IT IS FURTHER ORDERED** that the Commissioner shall inform Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset no later than thirty (30) days from entry of this Order. Within the same time period, the Plaintiff shall provide a valid fee assignment to the Defendant.

**IT IS FURTHER ORDERED** that in the event that past-due benefits are awarded on remand, the Plaintiff shall have thirty (30) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that no additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

Signed: August 12, 2013

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge