# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00339-MR-DLH

| | |
|---|---|
| GILBERT C. HAGAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney Fees under § 406(b) of the Social Security Act [Doc. 15].

## I. PROCEDURAL BACKGROUND

On October 26, 2012, the Plaintiff initiated this action seeking judicial review of the Commissioner's decision to deny his application for benefits under the Social Security Act. [Doc. 1]. On April 29, 2013, this Court reversed the Commissioner's decision denying the Plaintiff's application for benefits and remanded the case to the Appeals Council for further administrative action. [Doc. 11]. On August 12, 2013, the Court awarded the Plaintiff attorney's fees in the amount of $4,561.91 in full satisfaction of

any and all claims by the Plaintiff pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA).  [Doc. 14].  The Court also awarded the Plaintiff $350.00 in court fees.  [Id.].  The majority of the court fee award, however, was seized by the U.S. Treasury Department pursuant to a lien for an outstanding debt of the Plaintiff in the amount of $220.55.  [Doc. 15-5].

Upon remand, a new hearing on the Plaintiff's claim was held on December 6, 2013, over which ALJ John McFadyen presided.  [Doc. 15-2].  On January 9, 2014, ALJ McFadyen issued an unfavorable decision in the Plaintiff's case.  [Id.].  The Plaintiff appealed, and on September 25, 2014, the Appeals Council remanded the case to the ALJ for another hearing.  [Doc. 15-3].  Another hearing on the Plaintiff's claim was held on February 12, 2015, over which ALJ Keith Pilkey presided.  On February 27, 2015, ALJ Pilkey issued a fully favorable decision, granting benefits from the Plaintiff's amended alleged onset date of disability discrimination.  [Doc. 15-4].

On May 24, 2015, the Social Security Administration issued a notice to the Plaintiff's counsel advising that $31,268.23, representing 25% of the Plaintiff's back benefits, was being withheld from the Plaintiff's award to be applied to the payment of attorney's fees in this case.  [Doc. 15-1].

Plaintiff's counsel now seeks an award of $31,268.23 in fees pursuant to 42 U.S.C. § 406(b)(1). [Doc. 15]. The Defendant does not oppose the Plaintiff's request.

## II. DISCUSSION

There are two avenues by which a Social Security benefits claimant may be awarded attorney's fees. First, claimants may seek a fee award under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), which provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action...." 28 U.S.C. § 2412(d)(1)(A). Second, a claimant may seek an award pursuant to 42 U.S.C. § 406(b), which provides that "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...." 42 U.S.C. § 406(b)(1)(A).

While attorney's fees may be awarded under both the EAJA and § 406(b), the Social Security Act requires that the attorney must refund to the claimant the smaller fee. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 134-35 (4th Cir. 2009) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)).

The Court finds that the services rendered in this Court were appropriate and reasonable for the relief sought. Accordingly, the Motion for Attorney's Fees under the Social Security Act is granted.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney Fees under § 406(b) of the Social Security Act [Doc. 15] is hereby **GRANTED** and an award of attorney's fees in the amount of Thirty-One Thousand Two Hundred Sixty-Eight Dollars and Twenty-Three Cents ($31,268.23) pursuant to 42 U.S.C. § 406(b)(1)(A) is hereby approved.

**IT IS FURTHER ORDERED** that upon receipt of the § 406(b) fees, Plaintiff's counsel is hereby instructed to return to the Plaintiff the sum of

Four Thousand Five Hundred Sixty-One Dollars and Ninety-One Cents ($4,561.91), representing the fee that counsel previously received pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that upon receipt of the § 406(b) fees, Plaintiff's counsel is further instructed to return to the Plaintiff the sum of One Hundred Twenty-Nine Dollars and Forty-Five Cents ($129.45), which represents the remainder of the court costs initially awarded to the Plaintiff after satisfaction of his outstanding debt.

**IT IS FURTHER ORDERED** that a copy of this Order be provided to the Social Security Administration in order to effectuate payment of the award from past due benefits which have been withheld for such purpose pursuant to Title II of the Social Security Act.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge